IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MATTHEW J. HAYHOW,

          CASE NO. 2:16-CV-00539
   Petitioner,          CRIM. NO. 2:90-CR-00208(2)
          JUDGE GEORGE C. SMITH
   v.          Magistrate Judge Kimberly A. Jolson

UNITED STATES OF AMERICA,

   Respondent.

### REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed the instant Pro Se Motion to Vacate under 28 U.S.C. § 2255. (Doc. 6). This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

   I.    FACTS AND PROCEDURAL HISTORY

This case involves Petitioner's convictions after a jury trial on two counts of armed bank robbery, one count of conspiracy to commit armed bank robbery, and two counts of carrying a firearm during and in relation to a crime of violence. (Doc. 2). The United States Court of Appeals for the Sixth Circuit summarized the facts of the case as follows:

> On August 10, 1990, a branch of the Society Bank in Columbus, Ohio, was robbed at gunpoint by a white male. On August 24, 1990, a branch of Bank One was robbed at gunpoint by two white males. Both robberies were recorded by video surveillance cameras. In both robberies, the robber(s) wore jeans, jackets, caps, and a bandana over the lower portion of the face.
>
> The second robbery turned into something of a disaster for the robbers. The bank manager followed them out to the parking lot and saw them drive away in a 1979 brown Chevrolet Chevette. He

> immediately called the police and gave them this information. The robbers also had been given dye-packs as part of the money taken. The packs exploded shortly after the robbery, causing the robbers to abandon both the money and the car. Newton's fingerprints were found in the car, which had just been purchased. The former owner of the car identified Newton as the purchaser and also stated that Newton was with a person who had tattoos.
>
> Since Newton was the getaway driver, he was not identified by bank employees; however, defendant Hayhow was identified. Two employees of the Society Bank identified him from a photo line-up and at trial. The Bank One manager, who followed the robbers to their car, identified Hayhow. An FBI informant, who knew Hayhow, identified him as one of the two robbers in the Bank One surveillance film. Another witness identified a photo of Hayhow showing a grim reaper tattoo on his left arm.
>
> Hayhow also was implicated by an employee of a shooting range as a person who came to the range to shoot with a semi-automatic handgun similar to the one described by bank witnesses. Hayhow came to the range with John Reid, who was implicated by an informant witness as the other white male in the surveillance film taken during the Bank One robbery.
>
> . . .
>
> [T]he evidence [] clearly showed that the defendant was brandishing a firearm. At least eight witnesses testified that they saw the gun, thought it was real, and were intimidated. Additionally, the surveillance camera photos showed the robber(s) apparently holding firearms. Finally, there was the shooting range operator who saw the defendant with an automatic pistol.

*United States v. Hayhow*, 966 F.2d 1454, No. 91-3990, 1992 WL 115993, at *1, 3 (6th Cir. May 29, 1992).  The District Court imposed an aggregate term of 371 months imprisonment.  (Doc. 2).  The United States Court of Appeals for the Sixth Circuit affirmed the judgment of the District Court.  *Hayhow*, 1992 WL 115993, at *3.  On May 24, 1993, the United States Supreme Court denied Petitioner's petition for a writ of certiorari.  *Hayhow v. United States*, 508 U.S. 941 (1993).  On December 28, 2015, the Court denied Petitioner's Motion to Reduce Sentence.  (Doc. 5).

2

On June 15, 2016, Petitioner filed the instant Pro Se Motion to Vacate under 28 U.S.C. § 2255. (Doc. 6). Petitioner asserts that his convictions for carrying a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) are unconstitutional under *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015), and that his convictions for armed bank robbery do not constitute a crime of violence so as to support his convictions under 18 U.S.C. § 924(c).

## II.     DISCUSSION

In *Johnson v. United States*, 135 S. Ct. at 2551, the United States Supreme Court held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. Under the ACCA, a criminal defendant who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony" is subject to a minimum sentence of 15 years and a maximum term of life in prison. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony":

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion in subsection (ii) is known as the "residual clause" of § 924(e)(2)(B). *See Welch v. United States,* -- U.S. --, --, 136 S. Ct. 1257, 1261 (2016) (holding that *Johnson* applies retroactively to cases on collateral review) (citing *Johnson,* 135 S. Ct. at 2555–56). It is this section of the statute that the Supreme Court in *Johnson* found unconstitutionally vague.

3

> In the *Johnson* Court's view, the "indeterminacy of the wide-ranging inquiry" made the residual clause more unpredictable and arbitrary in its application than the Constitution allows. *Id.*, at —–, 135 S. Ct., at 2557. "Invoking so shapeless a provision to condemn someone to prison for 15 years to life," the Court held, "does not comport with the Constitution's guarantee of due process." *Id.*, at —–, 135 S. Ct., at 2560.

*Welch,* 136 S. Ct. at 1262.

A different part of the statute, 18 U.S.C. § 924(c)(1)(A), provides for an enhanced punishment for any person who uses, carries, or possesses a firearm "during and in relation to" or "in furtherance of" any crime of violence or drug trafficking crime. In that subsection, the statute defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Section 924(c)(3)(A) is referred to as the 'force clause' of the statute, while section 924(c)(3)(B) is referred to as the 'residual clause.'" *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *2 (E.D. Mich. Dec. 18, 2015) (footnote omitted).

The United States Court of Appeals for the Sixth Circuit has rejected Petitioner's argument that the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague under *Johnson*, and this claim accordingly fails. *See Bryant v. United States*, 2016 WL 3251579, at *1-2 (W.D. Mich. June 14, 2016) (citing *United States v. Taylor*, 814 F.3d 340, 375 (6th Cir. 2016)).

Petitioner additionally argues that his convictions for armed bank robbery categorically do not constitute crimes of violence within the meaning of 18 U.S.C. § 924(c). In particular, he argues that his convictions for armed bank robbery, under 18 U.S.C. § 2113(a) and (d), do not qualify as "crimes of violence" under 18 U.S.C. § 924(c) by application of the "categorical

4

approach" required by *Descamps v. United States*, -- U.S. --, 133 S. Ct. 2276 (2013), and *Taylor v. United States*, 495 U.S. 575 (1990), and as defined in *Johnson v. United States,* 559 U.S. 133, 140 (2010). As an initial matter, this claim is untimely because it does not appear to raise a claim pursuant to *Johnson*. As such, Petitioner could have raised this claim long before the Supreme Court's decision in *Johnson,* and Petitioner missed 28 U.S.C. § 2255(f)'s one-year statute of limitations. *See United States v. Jefferson*, No. 3:05-cr-135, 2016 WL 3523849, at *2 (S.D. Ohio June 28, 2016) (reaching same conclusion and noting that "[t]he *Johnson* decision does not make timely *any* claim of unconstitutional vagueness in a federal criminal statute filed within one year of *Johnson*") (emphasis added).

Moreover, "[i]n numerous cases the Sixth Circuit has affirmed the convictions of criminal defendants for committing (1) armed bank robbery and (2) brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), without expressing any reservation about whether armed bank robbery constitutes a 'crime of violence.'" *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *7 (E.D. Mich. Dec. 18, 2015) (citing *United States v. Crowe,* 614 F. App'x 303, 306 (6th Cir. 2015); *United States v. Lawrence*, 735 F.3d 385 (6th Cir. 2013); *United States v. Shuck*, 481 F. App'x 600, 603 (11th Cir. 2012)); *see also United States v. Church*, No. 1:15-CR-42-TLS, 2015 WL 7738032, at *6 (N.D. Indiana Dec. 1, 2015) ("The caselaw is replete with cases where a defendant has been convicted of using a firearm during a crime of violence where the predicate offense is bank robbery."); *United States v. Green*, No. RDB-15-0526, 2016 WL 277982, at *2-3 (D. Maryland Jan. 22, 2016) (armed robbery constitutes a crime of violence under the force clause of § 924(c)(3)(A)) (citing *United States v. Adkins*, 937 F.2d 947 (4th Cir. 1991) (citations omitted). "Nothing in the Supreme Court's recent decisions calls this into doubt. And nothing in the statute

suggests that congressional intent would be served by finding that bank robbery is not a crime of violence." *Church*, 2015 WL 7738032, at *6.

In addition, the United States Court of Appeals for the Sixth Circuit has rejected the argument that armed bank robbery does not qualify as a crime of violence under § 924(c)(3)(A) because it may be committed through the use of intimidation rather than force:

> Bank robbery by "force and violence" plainly involves "the use, attempted use, or threatened use of physical force." Whether the same is true of bank robbery by "intimidation" is a closer question, although not by much. In the context of § 2113(a), "intimidation" means "conduct and words . . . calculated to create the impression that any resistance or defiance . . . would be met by force." *United States v. Gilmore,* 282 F.3d 398, 402 (6th Cir. 2002); *see also James Lindgren, "Blackmail and Extortion," in 1 Encyclopedia of Crime and Justice* 115, 115 (Sanford H. Kadish ed., 1983) ("[R]obbery by intimidation" involves the "threat[] to do immediate bodily harm, whereas ... blackmail or extortion" involves the "threat[] to do bodily harm in the future."). Intimidation concerns whether an ordinary person would feel threatened under the circumstances, *Gilmore,* 282 F.3d at 403, but the prosecution must prove that the defendant possessed "general intent—that is . . . knowledge"—with respect to taking the property by intimidation, *Carter v. United States*, 530 U.S. 255, 268, 120 S. Ct. 2159, 147 L.Ed.2d 203 (2000). The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force. *See, e.g.*, *United States v. McNeal*, 818 F.3d 141, 153, (4th Cir. 2016); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("There is no 'space' between 'bank robbery' and 'crime of violence' " under the physical-force clause of § 4B1.2(a).); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990).
>
> We reject McBride's contention that daylight can be found between "intimidation" and "threatened use of physical force." Although McBride is correct that intimidation can be communicated by "words, demands, and gestures," so too with the threat of physical force, *Gilmore*, 282 F.3d at 402. Furthermore, even if we accept McBride's arguments that one can threaten to cause bodily injury that does not require physical force. . . that is not the case with intimidation in the § 2113(a) context, which

> requires the threat to use physical force, not merely to cause bodily injury.

*United States v. McBride*, No. 15-3759, -- F.3d --, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016). For all these reasons, Petitioner's claim fails.

### III. CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: August 15, 2016                              /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE